# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 22, 2024

```
* * * * * * * * * * * * * *     *
JENNIFER WAGNER, on behalf of the   *
estate of the deceased, S.R.C.,     *       UNPUBLISHED
                                    *
            Petitioner,             *       No. 23-1879V
                                    *
v.                                  *       Special Master Dorsey
                                    *
SECRETARY OF HEALTH                 *       Ruling on Entitlement; Concession; Table
AND HUMAN SERVICES,                 *       Injury; Varicella Vaccine; Disseminated
                                    *       Varicella Vaccine-Strain Viral Disease;
            Respondent.             *       Death.
                                    *
* * * * * * * * * * * * * *     *
```

Elizabeth Kyla Abramson, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.
Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On October 25, 2023, Jennifer Wagner ("Petitioner"), on behalf of the estate of S.R.C., filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that after receipt of a varicella vaccination on January 6, 2022, S.R.C. developed disseminated varicella vaccine-strain viral disease, which resulted in his death on April 14, 2022. Petition at Preamble (ECF No. 1).

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On January 22, 2024, Respondent filed a report pursuant to Vaccine Rule 4(c) in which he conceded that Petitioner is entitled to compensation in this case. Respondent's Report ("Resp. Rept.") at 1, 12 (ECF No. 18). Based on a review of the medical records, Respondent stated that "[P]etitioner is entitled to a presumption of causation because S.R.C. had disseminated varicella vaccine-strain viral disease that meets the criteria of the Vaccine Injury Table." Id. at 11. Specifically, Respondent noted "S.R.C. had identified vaccine-strain [varicella zoster virus ("VZV")] and he received the varicella vaccine in his right arm with VZV positive lesions later occurring on his left knee as well as VZV appearing in his blood." Id. at 11-12. Respondent found this to meet "the [Vaccine] Table injury definition provided in the qualifications and aids to interpretation for disseminated varicella vaccine-strain viral disease as 'a varicella illness that involves the skin beyond the dermatome in which the vaccination was given and/or disease caused by vaccine-strain varicella in another organ.'" Id. at 12 (quoting 42 C.F.R. § 100.3(a)(X), (c)(11)). Respondent also found "there is not preponderant evidence that his condition was due to a factor unrelated to the vaccine." Id. Additionally, Respondent found "S.R.C.'s disseminated varicella vaccine-strain viral disease resulted in his death." Id. "Therefore, based on the record as it now stands, "[P]etitioner has satisfied all legal prerequisites for compensation under the [Vaccine] Act." Id.

A special master may determine whether a petitioner is entitled to compensation based upon the record as a hearing is not required. § 13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, the undersigned finds that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master